U.S. DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(WEST PALM BEACH)

CASE NO.: 9:25-cv-81339-AMC

VICTORIA ROHN,

       Plaintiff,

v.

PRIMARY RESIDENTIAL MORTGAGE, INC.,

       Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

COMES NOW, Defendant, PRIMARY RESIDENTIAL MORTGAGE, INC. ("PRMI"), by and through its undersigned attorneys, and files its Answer and Affirmative Defenses to the Complaint of Plaintiff, VICTORIA ROHN ("ROHN"). For its Answer, PRMI alleges:

### JURISDICTION AND VENUE

1. Admitted for jurisdictional purposes only. PRMI affirmatively alleges that it has no liability to ROHN.

2. Admitted for jurisdictional purposes only. PRMI affirmatively alleges that it has no liability to ROHN.

3. Admitted for venue purposes only. PRMI affirmatively alleges that it has no liability to ROHN.

1

## PARTIES

4. Admitted.

5. Without knowledge and strict proof thereof is hereby demanded; therefore denied.

6. Without knowledge and strict proof thereof is hereby demanded; therefore denied.

7. Without knowledge and strict proof thereof is hereby demanded; therefore denied.

8. Without knowledge and strict proof thereof is hereby demanded; therefore denied.

9. Without knowledge and strict proof thereof is hereby demanded; therefore denied.

10. Denied.

11. Denied.

12. Without knowledge and strict proof thereof is hereby demanded; therefore denied.

13. Admitted.

14. The letter speaks for itself.

15. The letter speaks for itself.

16. Denied.

17. The letter speaks for itself.

18. Without knowledge and strict proof thereof is hereby demanded; therefore denied.

19. Without knowledge and strict proof thereof is hereby demanded; therefore denied.

20. Denied.

21. Denied.

22. The letter speaks for itself.

23. Denied.

24. Denied.

25. Denied.

26. The letter speaks for itself.

27. The letter speaks for itself.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. The letter speaks for itself.

50. The letter speaks for itself.

51. The letter speaks for itself.

52. Denied.

53. Denied.

54. Denied.

55. Without knowledge and strict proof thereof is hereby demanded; therefore denied.

56. Without knowledge and strict proof thereof is hereby demanded; therefore denied.

57. Without knowledge and strict proof thereof is hereby demanded; therefore denied.

58. The letter speaks for itself.

59. The letter speaks for itself.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. The letter speaks for itself.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. The letter speaks for itself.

72. Denied.

73. Without knowledge and strict proof thereof is hereby demanded; therefore denied.

74. Without knowledge and strict proof thereof is hereby demanded; therefore denied.

75. The letter speaks for itself.

76. The letter speaks for itself.

77. The letter speaks for itself.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Without knowledge and strict proof thereof is hereby demanded; therefore denied.

## COUNT I AS TO DEFENDANT'S VIOLATION OF RESPA 12 U.S.C. §2605(G) AND REGULATION X §1024.35

88. Admitted.

89. Admitted.

90. Admitted.

91. Denied.

92. The regulation speaks for itself.

93. Denied.

94. The regulation speaks for itself.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

7

## COUNT II AS TO DEFENDANT'S VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT §559.72(9)

99. Admitted.

100. Admitted.

101. Without knowledge and strict proof thereof is hereby demanded; therefore denied.

102. Admitted. PRMI affirmatively alleges that it has no liability to ROHN.

103. Denied.

104. Denied.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Denied.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

## GENERAL DENIAL

114. Any and all allegations in the Complaint not specifically admitted above are hereby denied.

## AFFIRMATIVE DEFENSES

115. Further answering the Complaint and without admitting that it bears the burden of proof or persuasion as to any issue, PRMI asserts the following affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE

116. On or about September 25, 2020, PRMI loaned ROHN the principal amount of $100,000.00. To memorialize the loan, ROHN executed and delivered a promissory note (the "Note") and a mortgage securing the Note (the "Mortgage") to PRMI. The collateral pledged in the Mortgage is the real property and improvements located at 925 36th Street, West Palm Beach, FL 33407 and owned by ROHN (the "Mortgaged Property").

117. Section 8 of the Mortgage provides:

> 8. <u>Borrower's Loan Application</u>. Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's

9

principal residence.

118. After the loan was given to ROHN, PRMI learned that ROHN made material misrepresentations during the loan application and closing process; it was provided with evidence that ROHN's husband at the time of the loan, Charles Rohn, did not sign the Mortgage and that his signature had been forged.

119. On August 3, 2023, PRMI notified ROHN that the Mortgage was in default because, inter alia, ROHN's husband at the time of the loan, Charles Rohn, had not actually executed the Mortgage, and his signature had been forged. PRMI advised that ROHN's misrepresentations in the loan application process, including the loan application and the Mortgage, were material and in accordance with Section 8 of the Mortgage, constituted a default under the Mortgage because PRMI relied upon the representations in extending ROHN credit for the loan.

120. PRMI's August 3, 2023 notice also stated:

> Should the alleged breach noted above be in error, please provide PRMI with detailed documentation substantiating the same. If you fail to cure the apparent breach of the contract and default, PRMI may accelerate all sums secured by the Mortgage, which would require immediate payment of the entire balance due on the Note.
>
> In order to cure your default, you must provide to us by no later than September 3, 2023 competent evidence that establishes such information was not a material misrepresentation. Should you fail to comply with this request, PRMI will proceed with acceleration of your loan.

121. ROHN did not timely provide any explanation, documentation, or evidence that PRMI's position concerning Charles Rohn's alleged signature was untrue or incorrect by September 3, 2023. Despite subsequent demands by PRMI, ROHN <u>never</u> provided the competent evidence requested by PRMI. ROHN later advised PRMI that she would instruct Charles Rohn to sign the Mortgage again, have his signature notarized, and forward the executed Mortgage to PRMI. PRMI, however, never received the Mortgage actually signed by Charles Rohn, as promised by ROHN.

122. Because ROHN had not cured the default under Section 8 of the Mortgage in almost two years, PRMI had no choice but to elect to accelerate all amounts secured by the Mortgage and demand immediate payment of the entire balance due.

123. Once PRMI elected to accelerate the Mortgage, ROHN took the position that Charles Rohn's signature on the Mortgage was valid and authentic and began to devise ways to attempt to avoid foreclosure of the Property by PRMI. She and her counsel decided to utilize RESPA and the Florida Consumer Collection Practices Act to defend against PRMI's claims.

124. Each count of ROHN's Complaint fails to state a claim for which relief can be granted against PRMI. ROHN has failed to attach, among other things, the

Mortgage, the notices and letters she allegedly sent to PRMI, and the letters and notices which PRMI sent to ROHN. These documents form the underlying basis for ROHN's claims and are central to ROHN's claims. Without such documents, the allegations in the Complaint are insufficient to impose liability on PRMI.

## SECOND AFFIRMATIVE DEFENSE

125. PRMI realleges and incorporates paragraphs 116 through 123 above as though fully set forth herein.

126. ROHN has breached the Note and Mortgage with PRMI. The Complaint is therefore barred by ROHN's material breach.

## THIRD AFFIRMATIVE DEFENSE

127. PRMI realleges and incorporates paragraphs 116 through 123 above as though fully set forth herein.

128. ROHN has breached the Note and Mortgage with PRMI. PRMI has the right to foreclose on the Mortgage and to obtain an award of damages against ROHN under the Note.

## FOURTH AFFIRMATIVE DEFENSE

129. PRMI realleges and incorporates paragraphs 116 through 123 above as though fully set forth herein.

130. ROHN has breached the Note and Mortgage with PRMI. As a direct

and proximate result of ROHN's breach of the Note and Mortgage, PRMI has been damaged. PRMI is entitled to a setoff in the amount of damages sustained.

## FIFTH AFFIRMATIVE DEFENSE

131. PRMI realleges and incorporates paragraphs 116 through 123 above as though fully set forth herein.

132. Any and all actions taken by PRMI were taken for a proper purpose, in good faith, and in compliance with its obligations under the Mortgage and Florida and federal law.

## SIXTH AFFIRMATIVE DEFENSE

133. PRMI realleges and incorporates paragraphs 116 through 123 above as though fully set forth herein.

134. PRMI's actions were not the proximate cause of the damages suffered by ROHN.

## SEVENTH AFFIRMATIVE DEFENSE

135. PRMI realleges and incorporates paragraphs 116 through 123 above as though fully set forth herein.

136. ROHN's alleged injuries or damages were due, in whole or in part, to the actions or fault of third parties for whom PRMI is not responsible.

## EIGHTH AFFIRMATIVE DEFENSE

137. PRMI realleges and incorporates paragraphs 116 through 123 above as though fully set forth herein.

138. ROHN's alleged damages are due, in whole or in part, to her own actions, inaction, fault, or lack of due diligence.

## NINTH AFFIRMATIVE DEFENSE

139. PRMI realleges and incorporates paragraphs 116 through 123 above as though fully set forth herein.

140. ROHN has failed to mitigate her alleged damages.

## TENTH AFFIRMATIVE DEFENSE

141. PRMI realleges and incorporates paragraphs 116 through 123 above as though fully set forth herein.

142. ROHN is estopped from pursuing the causes of action referenced in ROHN's Complaint.

## ELEVENTH AFFIRMATIVE DEFENSE

143. PRMI realleges and incorporates paragraphs 116 through 123 above as though fully set forth herein.

144. ROHN waived and released the right to pursue the causes of action referenced in ROHN's Complaint.

## TWELFTH AFFIRMATIVE DEFENSE

145. PRMI realleges and incorporates paragraphs 116 through 123 above as though fully set forth herein.

146. ROHN's claims are barred by the equitable principle of unclean hands.

## RESERVATION

147. PRMI reserves its right to amend this answer and assert additional affirmative defenses upon completion of investigation and discovery.

## DEMAND FOR AWARD OF ATTORNEYS' FEES AND COSTS

148. In the event PRMI is the prevailing party in this action, it demands an award of attorneys' fees and costs as authorized under federal and Florida law.

DATED this 5th day of December, 2025.

>
> Respectfully submitted,
> TODD M. HOEPKER, P.A.
> Post Office Box 3311
> Orlando, Florida 32802-3311
> Telephone: (407) 426-2060
> Facsimile: (407) 426-2066
> toddhoepker@hoepkerlaw.com
> ATTORNEY FOR PRMI
>
> By: /s/ Todd M. Hoepker
> TODD M. HOEPKER, ESQUIRE
> Florida Bar No: 507611

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been sent via the ECF System to: DARREN R. NEWHART, ESQUIRE, Newhart Legal, P.A., 14611 Southern Blvd., Suite 1351, Loxahatchee, FL 33470 on this 5th day of December, 2025.

/s/ Todd M. Hoepker
TODD M. HOEPKER, ESQUIRE

S:\My Files\26778\2025\ROHN\ANS AFF.DOCX